43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
6519 COMMODORE SLOAT DRIVE, Real Property located Los
Angeles, California, Defendant,
and
Mira Lowenberg, Claimant-Appellant.
 No. 93-56254.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1994.*
Decided Dec. 15, 1994.
 
 1
 Before: FLETCHER, THOMPSON, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Mira Lowenberg appeals from the district court's grant of summary judgment in favor of the government in its forfeiture action against Lowenberg's house under 21 U.S.C. Sec. 881(a)(7). We have jurisdiction, 21 U.S.C. Sec. 1291, and we affirm in part and remand in part.
 
 
 4
 * Lowenberg argues that her due process rights were violated because she received no pre-seizure notice or hearing. The government replies that Lowenberg failed to make this argument to the district court. Lowenberg claims that she should not have had to raise this issue since the Supreme Court case which established the right to a pre-seizure hearing when real property is concerned, United States v. James Daniel Good Property, 126 L.Ed.2d 490 (Dec. 13, 1993), was not available until six months after the summary judgment motion was decided on June 21, 1993. The Ninth Circuit, however, established the pre-seizure notice and hearing requirement in United States v. James Daniel Good Property, 971 F.2d 1376 (9th Cir. Sept. 10, 1992), aff'd in relevant part 126 L.Ed.2d 490, nine months before summary judgment was granted against Lowenberg. Because Lowenberg could have made her pre-seizure argument in the district court, she cannot raise it for the first time on this appeal.
 
 II
 
 5
 Lowenberg argues that on remand the government will suffer no prejudice if the initial search warrant is examined in a Franks hearing. Franks v. Delaware, 438 U.S. 154, 171 (1978), allows a defendant a hearing to test the veracity of an affidavit supporting a warrant if the defendant alleges "deliberate falsehood or reckless disregard for the truth, and [accompanies] those allegations ... by an offer of proof."
 
 
 6
 Lowenberg is not, however, entitled to a second chance. To get a Franks hearing, Lowenberg must show that she was wrongfully denied one earlier, which she has not done.
 
 III
 
 7
 As in the district court, Lowenberg argues on appeal that possession of small amounts of cocaine, of which she was convicted, does not justify the seizure of her house. She notes that while growing marijuana might justify the seizure, those charges were dismissed. Forfeiture does not depend on a conviction: it requires only probable cause. The 18 boxes of marijuana plants found on her property suffice to show probable cause to believe that she was growing marijuana.
 
 IV
 
 8
 Lowenberg argues that the forfeiture of her home constitutes an excessive fine. Although she did not raise this argument in the district court, she could not have since the case which overturned Ninth Circuit precedent and established that forfeitures were subject to excessive fines scrutiny, Austin v. United States, 125 L.Ed.2d 488 (June 28, 1993), was not decided until seven days after Lowenberg lost on summary judgment.
 
 
 9
 The government argues that remand is not necessary since this forfeiture is obviously constitutional given the large amounts of marijuana seized, length of time to which Lowenberg admits growing marijuana (3 years), and great relationship between the property and the drugs, the forfeiture does not violate the Eighth Amendment. We decline to address these arguments in the absence of a fully developed record. Remand is, therefore, appropriate.
 
 
 10
 Lowenberg's supplemental brief for the first time raises the possibility of a double jeopardy defense under United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.1994). We leave the issues presented therein for consideration by the district court.
 
 
 11
 AFFIRMED in part; REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3